```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION
```

BANK OF AMERICA, NA, a national  )
banking association, and BANC    )
OF AMERICA LEASING AND CAPITAL,  )
LLC., a Delaware limited         )
liability company,               )
                                 )
          Plaintiffs             )
                                 )
     v.                          )    CIVIL NO. 2:11 cv 323
                                 )
SUMMIT, INC.; ALPHA SCRAP, INC.; )
PETER COULOPOULOS; KELLY         )
COULOPOULOS; LAKE COUNTY TRUST   )
COMPANY, as Trustee pursuant to  )
that certain Trust Agreement     )
u/a/d October 12, 1962, and      )
known as Trust Number 946,       )
                                 )
          Defendants             )

## OPINION AND ORDER

This matter is before the court on the Motion for Leave to File Second Amended Complaint [DE 32] filed by the plaintiffs, Bank of America, N.A., and Banc of America Leasing and Capital, LLC, on August 14, 2012. For the reasons set forth below, the motion is **GRANTED**.

### Background

The plaintiffs, Bank of America, N.A. and Banc of America Leasing and Capital, LLC (BALC), filed their amended complaint on September 19, 2011, alleging that the defendants breached certain notes, guaranties, and a lease (Counts I-VII), set forth a claim for replevin (Count VIII), and requested appointment of a re-

ceiver (Count IX).  In the amended complaint, BALC was the only plaintiff requesting replevin.  The plaintiffs now wish to amend Count VIII to include Bank of America as a party seeking replevin and to amend the prayer for relief to reflect the same.  Bank of America desires to have the complaint request an order of possession allowing it and BALC to take possession of the Leased Equipment/Collateral without bond.

## Discussion

Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d. 222 (1962).  This Circuit has recognized that because the complaint merely serves to put the defendant on notice, it should be freely amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant. *Jackson v. Rockford Housing Authority*, 213 F.3d 389, 390 (7th Cir. 2000).  The decision of the court to deny leave to amend a complaint is an abuse of discretion "only if 'no reasonable person could agree with the decision.'" *Winters v. Fru-Con, Inc.*, 498 F.3d 734, 741 (7th Cir. 2007)(*quoting* *Butts v. Aurora Health Care, Inc.*, 387 F.3d 921, 925 (7th Cir. 2004));

*Ajayi v. Aramark Business Services*, 336 F.3d 520, 530 (7th Cir. 2003).

Amendments are freely allowed for electing a different remedy than the one originally requested, and a party desiring to change the demand for relief may do so under Rule 15(a). 6 Wright & Miller, *Federal Practice & Procedure* §1474, at 547 (2d ed. 1990). However, a motion to amend is more likely to be denied if it takes place at a relatively late stage in the proceedings. *Aldridge v. Forest River, Inc.*, 635 F.3d 870, 875 (7th Cir. 2011); *Winters*, 498 F.3d at 741. See also *James v. McCaw Cellular Communications, Inc.*, 988 F.2d 583 (5th Cir. 1993) (holding that the district court did not abuse its discretion in denying plaintiff's motion to amend where the motion was filed almost 15 months after original complaint, ten months after joinder deadline, five months after deadline for amendments, and three weeks after defendant filed motion for summary judgment). The moving party bears the burden to show some valid reason for neglect and delay in seeking to amended the complaint. *Butts*, 387 F.3d at 921. See also *NL Industries, Inc. v. GHR Energy Corp.*, 940 F.2d 957 (5th Cir. 1991)(holding that the court did not abuse its discretion in denying motion for leave to file a second amended complaint where plaintiff sought to amend its pleading two years after it first brought the defendant into litigation

3

and after the defendant had requested summary judgment, but plaintiff provided no good reason for not acting sooner).

Leave to amend properly may be denied at the district court's discretion for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman*, 371 U.S. at 182, 83 S.Ct. at 230. Futility generally is measured by whether the amendment would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), unless a summary judgment motion is pending, permitting futility to be shown with reference to the entire summary judgment record. *Peoples v. Sebring Capital Corp.*, 209 F.R.D. 428, 430 (N.D. Ill. 2002).

Summit opposes the plaintiffs' motion to amend as futile, arguing that the proposed amended complaint does not comply with Indiana's replevin statute and is insufficient on its face. Federal Rule of Civil Procedure 64 states that the law of the state where the court is located will apply to an action for replevin filed in federal court. Indiana Code states in relevant part:

> 32-35-2-2 Claim of immediate delivery
>
> Sec. 2. A plaintiff may, at the time of issuing the summons, or at

4

any time before final judgment, claim the immediate delivery of property described in section 1 of this chapter.

32-35-2-3 Claim of immediate delivery; filing of affidavit

Sec. 3. If a plaintiff claims delivery under section 2 of this chapter, the plaintiff or someone representing the plaintiff shall file an affidavit.

32-35-2-4 Affidavit; contents

Sec. 4. An affidavit filed under section 3 of this chapter must:

(1) show that the plaintiff is:

(A) the owner of the property; or

(B) lawfully entitled to the possession of the property;

(2) show that:

(A) the property was not:

(i) taken for a tax, assessment, or fine under a statute; or

(ii) seized under an execution or attachment against the property of the plaintiff; or

(B) if the property was seized under an execution or attachment, the property was exempt by statute from seizure;

(3) show that the property:

(A) has been wrongfully taken and is unlawfully detained by the defendant; or

>           (B) is unlawfully detained;
>
>                (4) include a particular descrip-
>                tion of the property;
>
>                (5) state the estimated value of
>                the property; and
>
>                (6) identify the county in which
>                the property is believed to be
>                detained.

The plaintiff need not file a separate affidavit if the complaint is verified and contains the requisite information. ***Louisville, E. & St. L. R. Co. v. Payne***, 2 N.E. 582, 583 (Ind. 1885).

Summit argues that the plaintiffs' proposed amended complaint neither includes an affidavit nor is the complaint verified. Due to these insufficiencies, Summit believes that the proposed amended complaint could not survive a motion to dismiss and would be futile. However, the statute does not mandate that the affidavit must be filed with the complaint or that the complaint must be verified. Rather, it explains that the plaintiff may claim the immediate possession of the property at any time prior to judgment. Ind. Code §32-35-2-2. At the time the plaintiff demands the immediate possession of the property, the plaintiff must file the requisite affidavit and request a hearing. No where does it state that the affidavit or required material must be included with the complaint.

The plaintiffs are not asking the defendant to turn the property over immediately.  Rather, the complaint puts the defendants on notice that the plaintiffs intend to seek replevin. At the time the plaintiffs demand immediate possession, they will be required to comply with the procedural prerequisites and file an affidavit and request a hearing.  The statute does not require for this to be done in the complaint.  Rather, the complaint serves as an alternate avenue for complying with the statute. Because the plaintiffs may demand possession at any time before final judgment, and need not do so in their complaint, Summit has not shown that the plaintiffs' proposed amended complaint is futile.

_____

Based on the foregoing, the Motion for Leave to File Second Amended Complaint [DE 32] filed by the plaintiffs, Bank of America, N.A., and Banc of America Leasing and Capital, LLC, on August 14, 2012, is **GRANTED.**

ENTERED this 30th day of August, 2012

s/ ANDREW P. RODOVICH
United States Magistrate Judge